UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL EDWARDS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-234 PLC |
| | ) | |
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is a post-dismissal "Motion to Vacate Judgement." [ECF No. 8]. Also before the Court is a post-dismissal "Motion to Reopen Case." [ECF No. 9]. Both motions are once again authored by an individual who signed his name as "Jose Martinez," and it does not appear that he is a licensed attorney, nor is he one of the plaintiffs in this action. *See* 28 U.S.C. § 1654 (In all courts of the United States, parties may plead and conduct their own cases personally or by counsel).[1]

**A. "Motion to Vacate Judgement"**

In his "Motion to Vacate Judgement," Mr. Martinez asserts that the response brief he submitted on plaintiffs' behalf should be considered timely because he filed it, by "certified mail," on March 22, 2023. First and foremost, as noted in the Court's March 23, 2023 Opinion, Memorandum and Order, Mr. Martinez may not submit briefs on behalf of the plaintiffs in this action. Additionally, despite his assertions to the contrary, the Federal Rules of Civil Procedure does not authorize filing with the Court to be accomplished by deposit of papers in the mail unless

---

[1]Mr. Martinez authored the response to the Order to Show Cause. [ECF No. 6]. Because the response brief was submitted by a non-party and was also received in an untimely manner, the Court struck the response brief on March 24, 2023. [ECF No. 7]. This action was dismissed for failure to comply with a Court Order on March 23, 2023. [ECF No. 5].

the litigant is incarcerated. *See Raymond v. Ameritech Corp.,* 442 F.3d 600, 604–05 (7th Cir.2006) (footnote omitted).[2] Because plaintiffs are acting pro se in this case, Federal Rule of Civil Procedure 5(d)(2) applies to their filings with the Court, as they have not been approved for electronic filings. Rule 5(d)(2) states:

> A paper not filed electronically is filed by delivering it:
>
> (A) To the clerk; or
>
> (B) To a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.

In light of the aforementioned, Mr. Martinez' request to vacate the judgment will be denied.[3]

**B. "Motion to Reopen Case"**

Mr. Martinez has also submitted a "Motion to Reopen Case" on behalf of plaintiffs. As stated previously, it is improper for Mr. Martinez to attempt to appear on plaintiffs' behalf. *See* 28 U.S.C. § 1654. Additionally, in his "Motion to Reopen Case," Mr. Martinez posits the same arguments as those in the "Motion to Vacate Judgement," relating to acceptance of his filing because it was sent by certified mail. The Court addressed this argument previously and found it without merit. The Court finds no reason to reopen the present matter.

## Conclusion

Because the motions before the Court were not submitted by the named parties in this action or an authorized attorney on their behalf, the Court will strike the "Motion to Vacate Judgement" and "Motion to Reopen Case" from these proceedings.

---

[2] The Supreme Court case of *Houston v. Lack*, 487 U.S. 266 (1988), dealt with the prisoner mailbox rule. Neither of the plaintiffs are incarcerated in this case. Thus, the prisoner mailbox rule does not apply.

[3] Mr. Martinez includes a citation to "Local Rule 5-2.01(A)(4)" in his brief. However, there is no such citation in the current United States District Court, Eastern District of Missouri Local Rules.

Accordingly,

**IT IS HEREBY ORDERED** that the "Motion to Vacate Judgement" and "Motion to Reopen Case" [ECF Nos. 8 and 9] submitted by Jose Martinez on behalf of plaintiffs are **STRICKEN** from this action.

**IT IS FURTHER ORDERED** that alternatively, the "Motion to Vacate Judgement" and "Motion to Reopen Case" [ECF Nos. 8 and 9] submitted by Jose Martinez on behalf of plaintiffs are **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal of the dismissal of this action would not be taken in good faith.

Dated this 6th day of April, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE