UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARSHALL EDWARDS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:23-CV-234 PLC |
| MONSANTO COMPANY, et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiffs' motion to reopen the present matter. After review of the filings in this matter as well as the current motion before the Court, the motion will be denied.

**Procedural Background**

Plaintiffs Marshall and Alice Edwards filed this action, pro se, on February 27, 2023, by mailing a civil complaint on a court-provided form to this Court. [ECF No. 1]. Plaintiffs purported to sue Monsanto Company as well as John Does 1-50. They alleged that because of defendant Monsanto Company's negligence in its "design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup," plaintiff Marshall Edwards was exposed to glyphosate and developed cancer. Plaintiffs stated in a conclusory manner in their complaint that defendant Monsanto Company's negligence was the proximate cause of Marshall Edwards' cancer. However, plaintiffs failed to provide any information as to the type of cancer Marshall Edwards suffered from or articulate data as to cost for his treatment.

Although both plaintiffs signed the complaint, only plaintiff Marshall Edwards provided a motion to proceed in forma pauperis. [ECF No. 2]. Plaintiffs provided an Atlanta, Georgia mailing address for themselves, and Marshall Edwards asserted that he is a citizen of the State of Georgia.

Plaintiffs further purported that Monsanto Company is "incorporated under the laws of the State of Missouri and has its principal place of business in the State of Missouri." However, the complaint failed to provide the citizenship of plaintiff Alice Edwards. Plaintiff sought damages of "more than $75,000 and less than $50,000,000."

On March 1, 2023, the Court reviewed plaintiffs' complaint pursuant to 28 U.S.C. § 1915 and ordered plaintiffs to show cause why this matter should not be dismissed for lack of jurisdiction. [ECF No. 4]. The Court noted that plaintiffs' state law negligence claim failed to arise under the Constitution or federal law, and the amount in controversy did not appear, from the face of the complaint, to result in more than $75,000.[1] Plaintiffs were given until March 22, 2023, to provide a response to the Order to Show Cause, as well as file a motion to proceed in forma pauperis for plaintiff Alice Edwards.

On March 23, 2023, when plaintiffs failed to file a timely response to the Order to Show Cause, the Court dismissed this action for failure to comply with a Court Order. *See* Fed.R.Civ.P. 41(b); *see also* [ECF No. 5]. The Court received plaintiffs' untimely response on March 24, 2023. [ECF No. 6]. The untimely response brief was signed by a person who appeared to be an unlicensed attorney who was not a party to this action. Because the response was both untimely and not signed by the plaintiffs, the Court struck the response from the docket on March 27, 2023. [ECF No. 7].

On April 4, 2023, the Court received a motion to vacate and a motion to reopen the present matter, again filed by the same individual who had filed the untimely response brief who was not a party to this action. [ECF Nos. 8-9]. The Court denied the motions and struck the filings from the Court's docket because they were filed by an individual not approved to practice in this Court. [ECF No. 10].

---

[1]The Court took judicial notice that Monsanto was incorporated in the State of Delaware and had its principal place of business in Missouri.

Despite having addressed this post-dismissal matter three times, through an untimely filing, through a motion to reopen and through a motion to vacate the judgment, plaintiffs bring a fourth post-dismissal motion before the Court. The Court will address plaintiff's motion below.

## Discussion

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a plaintiff from an order for mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; or any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made "no more than a year after entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Moreover, in reviewing a motion to reopen a case after a Rule 41(b) dismissal without prejudice, the Court considers: (1) danger of prejudice to the non-moving party; (2) length of delay and its potential impact on judicial proceedings; (3) whether the plaintiff acted in good faith; and (4) reason for delay, including whether it was within the plaintiff's reasonable control. *See Glass v. Scottrade, Inc.,* 354 F. App'x 276, 276 (8th Cir. 2009) (per curiam) (citing *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.,* 496 F.3d 863, 866–68 (8th Cir. 2007)).

The Court does not believe plaintiffs have acted in good faith in this case. Although pro se plaintiffs are given liberal construction in pleadings, they still need to follow the Federal Rules and the Local Rules of this Court. Plaintiffs attempted to have an unauthorized individual file motions in this action, and they continued to do so after their response brief was stricken from the Court's docket due to their error. [ECF No. 7]. Plaintiffs continued to have Mr. Martinez, a non-party and unauthorized individual, file motions on their behalf and make specious arguments in this action. [ECF Nos. 8 and 9]. Plaintiffs failed to sign their own motions, a requirement of Federal Rule of Civil Procedure 11, and they lack good cause for failing to file their response brief in a

timely manner or for utilizing an authorized person to file motions on their behalf. For the aforementioned reasons, the Court will once again decline to reopen the present matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to reopen the present matter and file a post-dismissal amended complaint [ECF No. 11] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal of the dismissal of this action would not be taken in good faith.

Dated this 28th day of April, 2023.

                                              HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE